Rockingham,
No. 4456.

DOROTHY WINSLOW & a. v. FRANCIS P. DIETLIN.

Argued March 6, 1956.

Decided March 29, 1956.

*Sleeper & Mullavey (Mr. Sleeper* orally), for the plaintiffs.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Peter J. Bourque (Mr. Bourque* orally), for the defendant.

BLANDIN, J.  In urging a new trial in the case of the plaintiff, Dorothy Winslow, the defendant relies mainly upon his exception to the Court's charge in respect to R. S. Maine (1944) *c.* 19, *s.* 102, I and II.  This statute in substance establishes a speed limit of 15 miles per hour as being prima facie lawful when approaching within fifty feet of and in traversing an intersection when the driver's view is obstructed.  There was evidence that the view was obstructed within the meaning of the statute.  However, the defendant claims that this law was inapplicable at the time of the trial due to an amendment.  Laws of Maine, 1953, *c.* 137.  The amendment became law before the date of the accident and the defendant asserts it excepted from the operation of chapter 19, *supra,* intersections regulated by stop signs "or other control devices."  The defendant concedes that the amendment was never referred to during the trial and so far as the printed record discloses, no one was aware of it.  The defendant stated to the Court after the charge that he "excepts to the granting and reading by the Court of the speed statute in Maine, *c.* 19, speed statute, section 102, I and II."  To the Court's query whether he meant the law was incorrectly quoted in the charge, counsel replied that there

was no misquotation but added, "I say it is not applicable to the case." It is plain that the exception which the Court had no reason to understand referred to anything but the original statute before the amendment did not direct the Court's attention to the point now raised. Under our well established rule from which we see no occasion to depart, it cannot be considered here. *Leavitt* v. *Benzing*, 99 N. H. 193, 195, 196, and cases cited.

The defendant also excepted to the refusal of the Court to permit the plaintiff Hope on cross-examination by defendant's counsel to say whether her "son was mistaken" when he testified that she took down the names of witnesses after the accident. The question sought the witness' opinion on the accuracy of another's testimony. Had it been answered, it would only have presented a contradiction to a collateral issue, and it was properly rejected. *Perley* v. *Roberts*, 91 N. H. 254, 256.

The plaintiff, Hope C. Winslow, claims the Court erred in excluding the testimony of a witness who arrived at the scene sometime after the accident as to alleged brake marks of the defendant's car. The plaintiff laid no foundation which would permit an inference that the marks were those of the defendant's automobile and made no offer of proof to connect them up with the accident. In this state of the record, the ruling was proper since the jury could not make a finding on mere conjecture. *Cozzi* v. *Hooksett*, 84 N. H. 530, 535.

The plaintiff Hope also claimed that the Court erred in submitting to the jury the question of whether the accident was unavoidable. It is unnecessary to determine whether the record would have sustained such a finding because the error in any event could not have prejudiced this plaintiff. The jury in returning a verdict for the passenger, Dorothy Winslow, found the defendant negligent and by their verdict in his favor in Hope's case, they found her negligent. Both findings were warranted by the evidence and since the jury found that the accident was not unavoidable, the instruction excepted to could not have affected the verdicts, and the plaintiff takes nothing by this exception. *Small* v. *Saunders*, 81 N. H. 520, 521. The same rule applies to her exception to the defendant's argument on damages since the jury never reached this issue. *Cutler* v. *Young*, 90 N. H. 203, 204.

An examination of the charge discloses that the plaintiff's requests were all given in substance which is sufficient. *Paradis* v. *Greenberg*, 97 N. H. 173. No question of law is raised by the

exception to an instruction in the original charge as to which a supplementary instruction was given at the plaintiffs' request without exception. *Bogrett* v. *Hromada*, 91 N. H. 351, 354. No other exceptions of merit appearing, the order is

*Judgment on the verdicts.*

All concurred.